## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------

DANIELLE LANGAN,

               Plaintiff,

v.

STARBUCKS CORPORATION D/B/A
STARBUCKS COFFEE COMPANY,

               Defendant.

-------------------------------------------------

Case No.: 3:23-cv-05056-ZNQ-DEA

*Civil Action*

---

### DEFENDANT'S BRIEF IN SUPPORT OF NOTICE OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6)

---

**On the brief:**

Carmen J. DiMaria, Esq.
Jocelyn A. Merced, Esq.
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
Attorneys for Defendant
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... i

PRELIMINARY STATEMENT ...............................................................................1

STATEMENT OF FACTS ........................................................................................2

PROCEDURAL HISTORY........................................................................................3

LEGAL ARGUMENT.................................................................................................3

**POINT ONE**

PLAINTIFF'S NJLAD CLAIMS (COUNTS THREE, FIVE AND SEVEN)  ARE
BARRED BY THE STATUTE OF LIMITATIONS AND SHOULD BE
DISMISSED  ..............................................................................................................5

    A.  Statute of Limitations for NJLAD Claims ....................................................5

    B.  Plaintiff Failed to File This Lawsuit Within the Two-Year Statute of
        Limitations Period – Thus Her NJLAD Claims Are Legally Barred ............5

**POINT TWO**

PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL
DISTRESS (COUNT NINE) FAILS TO STATE A CLAIM FOR RELIEF AND
SHOULD BE DISMISSED.........................................................................................6

    A.  Plaintiff Failed to Timely File Her IIED Claim Within the Applicable
        Two-Year Statute of Limitations  .................................................................6

    B.  Plaintiff's Complaint is Devoid of Facts Sufficient to Maintain An IIED
        Claim .............................................................................................................6

        1.  Plaintiff's NJLAD Claims Preempt Her IIED Common Law
            Claim....................................................................................................7

        2.  Plaintiff Fails to Allege Starbucks Intended to Cause Emotional
            Distress................................................................................................7

        3.  Plaintiff Fails to Allege Extreme and Outrageous Conduct ..............8

4.  Plaintiff Fails to Allege Starbucks' Actions Caused Her Severe Emotional Distress ............................................................................................9

**POINT THREE**

PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM (COUNT TEN) FAILS TO STATE A CLAIM FOR RELIEF AND SHOULD BE DISMISSED ..............................................................................................10

A.  Plaintiff Failed to Timely File Her NIED Claim Within the Applicable Two-Year Statute of Limitations .............................................................................10

B.  Plaintiff's Complaint is Devoid of Facts Sufficient to Maintain An NIED Claim ................................................................................................................10

1.  Plaintiff's NJLAD Claims Preempt Her NIED Common Law Claim .............................................................................................................10

2.  Plaintiff Has Not Pled Sufficient Facts to Maintain an Action for NIED ................................................................................................................11

**POINT FOUR**

PLAINTIFF'S CLAIM FOR NEGLIGENT RETENTION, SUPERVISION AND HIRING (COUNT ELEVEN) FAILS TO STATE A CLAIM FOR RELIEF AND SHOULD BE DISMISSED ..............................................................................................12

**POINT FIVE**

PLAINTIFF'S CLAIM FOR VIOLATION OF §1981 (COUNT TWO) FAILS TO STATE A CLAIM FOR RELIEF AND SHOULD BE DISMISSED ..........................................13

CONCLUSION ............................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

<u>**Page**</u>

*Ashcroft v. Iqbal*,
     556 U.S. 662 (2009)......................................................................................................3

*Botts v. N.Y. Times Co.*,
     2003 WL 23162315 (D.N.J. Aug. 29, 2003) ....................................................9

*Bowie v. Costco Wholesale Corp.*,
     2017 WL 3168985 (D.N.J. Jul. 26, 2017)........................................................8

*Brown v. Railroad Group LLC*,
     2017 WL 1365215 (D.N.J. April 7, 2017) ........................................................5

*Buckley v. Trenton Sav. Fund Soc.*,
     111 N.J. 355 (1988) .....................................................................................7, 8

*Comcast Corp. v. Nat'l Ass'n of African-Am.-Owned Media*,
     140 S. Ct. 1009 (2020)...............................................................................13

*Cox v. Keystone Carbon Co.*,
     861 F.2d 390 (3d Cir. 1988), *cert. denied*, 498 U.S. 811 (1990).......................8

*Cox v. Scholastic Book Fairs*,
     2006 WL 1228615 (D.N.J. May 5, 2006) .........................................................5

*DiCosala v. Kay*,
     450 A.2d 508 (N.J. 1982)............................................................................12

*Everson v. JPMorgan Chase Bank*,
     2013 WL 1934666 (2013)...........................................................................11

*Fregara v. Jet Aviation Bus. Jets*,
     764 F. Supp. 940 (D.N.J. 1991) ....................................................................9

*Gargano v. Wyndam Skyline Tower Resorts*,
     907 F. Supp. 2d 628 (D.N.J. 2012) ..............................................................12

*Glam v. Gloucester Cty College*,
     2007 WL 2442343 (D.N.J. August 22, 2007)............................................6, 10

*Grayson v. Mayview State Hospital*,
     293 F.3d 103 (3d Cir. 2002).........................................................................4

*Griffin v. Topps Appliance City, Inc.*,
    337 N.J. Super. 15 (App. Div. 2001) ............................................................10

*Gross v. R.T. Reynolds, Inc.*,
    487 F. App'x 711 (3d Cir. 2012) .................................................................13

*Hayward v. Salem City Bd. of Educ.*,
    2016 WL 4744132 (D.N.J. Sept. 12, 2016) ..................................................12

*Hernandez v. Region Nine Hous. Corp.*,
    146 N.J. 645 (1996) ......................................................................................5

*Jablonowska v. Suther*,
    195 N.J. 91 (2008) ......................................................................................11

*Malleus v. George*,
    641 F.3d 560 (3d Cir. 2011) .........................................................................4

*Marrero v. Camden Cty. Bd. of Social Servs.*,
    164 F. Supp. 2d 455 (D.N.J. 2001) ..............................................................9

*Metzler v. American Transp. Group, LLC*,
    2008 WL 413311 (D.N.J. Feb. 13, 2008) .....................................................7

*Miles v. Nat'l Football League*,
    2022 WL 17129225 (D.N.J. Nov. 21, 2022) .................................................3

*Montells v. Haynes*,
    *133 N.J. 282* (1993) ......................................................................................5

*Paredes v. United Airlines, Inc.*,
    2023 WL 1779551 at *7 (D.N.J., Feb. 6, 2023) ...........................................9

*Pension Benefit Guar. Corp. v. White Consol. Indus.*, Inc.,
    998 F.2d 1192 (3d Cir. 1993)........................................................................4

*Portee v. Jafee*,
    84 N.J. 88 (1980........................................................................................11

*Sarsfield v. Snow & Ice Mgmt. Co.*,
    No. 2:21-CV-00383-CCW, 2021 U.S. Dist.
    LEXIS 193678 (W.D. Pa. Oct. 7, 2021) .......................................................4

*Sharifi v. Twp. of E. Windsor*,
    2023 WL 2182003 (D.N.J. Feb. 23, 2023) ..................................................13

*Taylor v. Computer Sciences Corp.*,
   2021 WL 3464790 (D.N.J. August 6, 2021)........................................................5

*Valentine v. Bank of America*,
   2010 WL 421087 (D.N.J. Feb. 1, 2010) ...........................................................7

*Wierzbicki v. City of Jersey City*,
   2021 WL 4148105 (D.N.J. Sept. 10, 2021) ....................................................7, 9

*Witherspoon v. Rent-A-Car-Center, Inc.*,
   173 F. Supp. 2d 239 (D.N.J. 2001) ..................................................................8

*Wright-Phillips v. United Airlines, Inc.*,
   2021 WL 1221111 (D.N.J. Apr. 1, 2021) ........................................................13

**OTHER STATUTES**

42 U.S.C. § 1981................................................................................................13
Fed. R. Civ. P. 12(b)(6).................................................................................2, 3
*N.J.S.A.* 10:5-13 ...............................................................................................5
*N.J.S.A.* 2A:14-2 .........................................................................................6, 10

## <u>PRELIMINARY STATEMENT</u>

Plaintiff Danielle Langan ("Plaintiff"), a former at-will employee of Defendant Starbucks Corporation ("Starbucks" or "the Company") was employed with the Company from November 2000 until her termination on February 4, 2021.  On July 26, 2021, Plaintiff dual-filed a charge of discrimination with the Equal Employment Opportunity Commission and the New Jersey Division on Civil Rights alleging that Starbucks discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"), as well as the New Jersey Law Against Discrimination ("NJLAD").  On August 18, 2023, Plaintiff filed the current Complaint in this Court against Starbucks.  Plaintiff's Complaint asserts the same claims as those which formed the basis of her dual-filed charge (*i.e.* violations of Title VII, the ADA, the ADEA and the NJLAD), along with a claim for race discrimination in violation of 42 U.S.C. §1981 (§1981), and state law claims for intentional infliction of emotional distress ("IIED"); negligent infliction of emotional distress ("NIED"); and negligent retention, supervision and hiring.

Starbucks now moves to dismiss Plaintiff's NJLAD claims, her New Jersey common law claims, and her §1981claim as a matter of law.

Specifically, Plaintiff's NJLAD claims for discrimination and retaliation are legally barred and subject to dismissal as untimely because she failed to withdraw her administrative charge and file suit in court prior to the expiration of the NJLAD's two-year statute of limitations period. Further, Plaintiff's common law IIED, NIED and negligent retention, supervision and hiring claims must be dismissed because they  are barred by the applicable statute of limitations,   and/or are pre-empted by the NJLAD, and/or because the Complaint fails to plead sufficient facts to

support these causes of action.  Finally, Plaintiff's allegations of reverse race discrimination in violation of §1981 are wholly insufficient to maintain such a claim, warranting dismissal.

For all of the foregoing reasons, and for the reasons set forth in detail below, Plaintiff's NJLAD claim, New Jersey common law claims, and her §1981 claim against Starbucks should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF FACTS

Starbucks assumes the following facts, which are based entirely on Plaintiff's Complaint and attachments thereto ("Complaint") [D.E. 1] and Plaintiff's response to Starbucks' letter requesting a pre-motion conference [D.E. 12], to be true solely for purposes of this Rule 12(b)(6) Motion to Dismiss.

1.      Plaintiff (Caucasian) was employed with Starbucks from November 2000 until her termination of employment on February 4, 2021. (Compl. ¶¶5, 27; 52) [D.E. 1].

2.      At the time of her termination, Plaintiff was the Store Manager of Starbucks' North Brunswick, New Jersey location. (Compl. ¶¶1; 52) [D.E. 1].

3.      By letter dated July 26, 2021, Plaintiff's counsel submitted correspondence to the EEOC and the NJDCR "amount[ing] to a Charge of Discrimination" stemming from Plaintiff's employment with Starbucks. [D.E. 1-1].

4.      Plaintiff's NJDCR Verified Complaint, which was dual-filed with the EEOC, alleges various violations of the NJLAD. [D.E. 1-1].

5.       Plaintiff never withdrew her Verified Complaint from the NJDCR.

6.      On August 18, 2023, Plaintiff filed the current Complaint with this Court against Starbucks asserting the same claims which formed the basis of her dual-filed charge (*i.e.* violations

of Title VII of the ADA, the ADEA and the NJLAD), along with a §1981 claim, and state law claims for IIED, NIED and negligent retention, supervision and hiring. [D.E. 1].

## PROCEDURAL HISTORY

On August 18, 2023, Plaintiff commenced this action in the United States District Court, District of New Jersey against Starbucks asserting the following claims: race discrimination in violation of Title VII (Count One); race discrimination in violation of "§1981" (Count Two); race discrimination in violation of the NJLAD (Count Three); retaliation in violation of Title VII (Count Four); retaliation in violation of the NJLAD (Count Nine)[1]; discrimination in violation of the ADA (Count Six); discrimination in violation of the NJLAD (Count Seven); discrimination in violation of the ADEA (Count Eight); IIED (Count Nine); NIED (Count Ten); and negligent retention, supervision and hiring (Count Eleven). On November 22, 2023, the Court approved the filing of this Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6).  Starbucks now moves to dismiss the Complaint Plaintiff's NJLAD claim, New Jersey common law claims, and her §1981 claim pursuant to Fed. R. Civ. P. 12(b)(6).

## LEGAL ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Miles v. Nat'l Football League*, 2022 WL 17129225, at *2 (D.N.J. Nov. 21, 2022) (JXN)(JSA) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

---

[1] Plaintiff's Complaint improperly labels the Fifth Count as "Count Nine."

3

unlawfully." *Id.* at 678. Determining whether there is "a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Although the allegations in the complaint must be accepted as true, the Court is not required to accept as true "legal conclusions," and "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," do not suffice. *Id.* at 663. As such, the Court's inquiry is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

When deciding a Rule 12(b)(6) motion, "[t]he Court may consider the Complaint, exhibits attached to the Complaint, matters of public record, and documents integral to or explicitly relied upon in the Complaint, as well as 'an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'" *Sarsfield v. Snow & Ice Mgmt. Co.*, No. 2:21-CV-00383-CCW, 2021 U.S. Dist. LEXIS 193678, *7-8 (W.D. Pa. Oct. 7, 2021) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.*, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). Lastly, the dismissal may be entered with prejudice pursuant to Rule 41(b) where any amendment would be futile. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

As set forth more fully below, Plaintiff's Complaint is ripe for dismissal pursuant to Rule 12(b)(6) on several grounds.

## POINT ONE

## PLAINTIFF'S NJLAD CLAIMS (COUNTS THREE, FIVE[2] AND SEVEN)  ARE BARRED BY THE STATUTE OF LIMITATIONS AND SHOULD BE DISMISSED

### A.  Statute of Limitations for NJLAD Claims

Claims under the NJLAD are subject to a two-year statute of limitations. *Montells v. Haynes, 133 N.J. 282* (1993); *Wilson v. Wal-Mart Stores*, 158 N.J. 263, 265-266 (1999). Importantly, the filing of a charge of discrimination with the NJDCR does not act to toll the statute of limitations on a NJLAD claim, should the plaintiff later choose to file her NJLAD claims in court. *See Taylor v. Computer Sciences Corp.*, 2021 WL 3464790 at *5 (D.N.J. August 6, 2021); *Cox v. Scholastic Book Fairs,* 2006 WL 1228615 (D.N.J. May 5, 2006); *Brown v. Railroad Group LLC*, 2017 WL 1365215 (D.N.J. April 7, 2017).

### B.  Plaintiff Failed to File This Lawsuit Within the Two-Year Statute of Limitations Period – Thus Her NJLAD Claims Are Legally Barred

The NJLAD does not require exhaustion of administrative remedies, but instead, permits the plaintiff to select her preferred forum, either in court or before the NJDCR. N.J.S.A. 10:5-13. ("Any complainant may initiate suit in Superior Court under this act without first filing a complaint with the division or any municipal office.")  Moreover, the NJLAD affords the plaintiff the option of withdrawing from the administrative proceeding prior to its culmination to pursue the claims in court. *Cox v. Scholastic Book Fairs*, 2006 WL 1228615 at *3 (D.N.J. May 5, 2006) (citing *Hernandez v. Region Nine Hous. Corp.,* 146 N.J. 645, 652 (1996).

 Here, the two-year statute of limitations for Plaintiff's NJLAD claims expired on February 5, 2023 (*i.e.* two years from the date of Plaintiff's termination of employment from Starbucks on

---

[2] Plaintiff's Complaint improperly labels the Fifth Count as "Count Nine."

February 4, 2021).[3]  Plaintiff's Complaint does not allege, nor is there any evidence, that she ever withdrew her charge of discrimination from the NJDCR.  Instead, Plaintiff waited until August 18, 2023 (six months after the expiration of the statute of limitations) to file this lawsuit asserting the same NJLAD claims set forth in her NJDCR charge.  Each of Plaintiff's NJLAD claims asserted in this lawsuit are untimely, legally barred, and subject to dismissal because her filing of an agency charge on July 26, 2021 does not toll the two-year statute of limitations period for claims under the NJLAD and Plaintiff otherwise failed to file this lawsuit prior to the expiration of the statute of limitations.

## POINT TWO

## PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT NINE) FAILS TO STATE A CLAIM FOR RELIEF AND SHOULD BE DISMISSED

### A.  Plaintiff Failed to Timely File Her IIED Claim Within the Applicable Two-Year Statute of Limitations

The statute of limitations for personal injury tort claims, including IIED claims is two years. *Glam v. Gloucester Cty College*, 2007 WL 2442343 at *4 (D.N.J. August 22, 2007) (citing *N.J.S.A.* 2A:14-2.). Here, Plaintiff waited until August 18, 2023 (six months past the statute of limitations) to file her lawsuit.  For this reason alone, Plaintiff's IIED claim should be dismissed as untimely.

### B.  Plaintiff's Complaint is Devoid of Facts Sufficient to Maintain An IIED Claim

To establish a *prima facie* claim for intentional infliction of emotional distress, a plaintiff must show (1) that Starbucks "acted intentionally or recklessly," both in doing the act and in producing emotional distress; (2) that Starbucks conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency"; (3) that Starbucks actions

---

[3] Since the statute of limitations expiration date falls on Saturday, February 4, 2023, Plaintiff would have had until Monday, February 7, 2023 to file her NJLAD claims against Starbucks.

were the proximate cause of the emotional distress; and (4) that the emotional distress suffered was "so severe that no reasonable [person] could be expected to endure it." *Buckley v. Trenton Sav. Fund Soc.*, 111 N.J. 355, 366 (1988).

### 1. Plaintiff's NJLAD Claims Preempt Her IIED Common Law Claim

Plaintiff's IIED claim is wholly based on the "acts of discrimination and harassment" that underlie Plaintiff's NJLAD claim.  Indeed, Plaintiff's IIED claim incorporates by reference each of the paragraphs discussed in the preceding sections of the Complaint, which include her allegations of alleged discrimination and harassment in violation of the NJLAD. (Compl. ¶139) [D.E. 1].  "When a common law claim of intentional emotional distress is based on the same allegations supporting Plaintiff's [NJ]LAD claim, Plaintiff is not entitled to relief . . . because '[Plaintiff's [NJ]LAD claims preempt her common law claim.'" *Valentine v. Bank of America*, 2010 WL 421087, at *6 (D.N.J. Feb. 1, 2010); *see also Metzler v. American Transp. Group, LLC,* 2008 WL 413311, at *4 (D.N.J. Feb. 13, 2008)(holding that because Plaintiff's claims of emotional distress were based on the same operative facts as her claims under the LAD, her claims were preempted by the LAD).  The circumstances here warrant the same conclusion.

### 2. Plaintiff Fails to Allege Starbucks Intended to Cause Emotional Distress

Plaintiff's IIED claim also fails because she has failed to plead sufficient facts to establish said claim.  Fatal to Plaintiff's IIED claim is her failure to allege facts demonstrating that Starbucks intended to cause her emotional distress. For an intentional tort to result in liability, Plaintiff must show the defendant "intend[ed] both to do the act and to produce emotional distress." *Wierzbicki v. City of Jersey City*, 2021 WL 4148105, at *10 (D.N.J. Sept. 10, 2021). Plaintiff makes no such allegations. For instance, there are no facts alleged from which to reasonably infer that the purpose behind Starbucks' alleged acts was to cause Plaintiff emotional distress. For this reason alone,

Plaintiff's IIED claim as to Starbucks must be dismissed. *See Bowie v. Costco Wholesale Corp.*, 2017 WL 3168985, at *6 (D.N.J. Jul. 26, 2017) (granting motion to dismiss IIED claim wherein plaintiff failed to allege facts demonstrating Defendants intended to cause emotional distress).

### 3.   Plaintiff Fails to Allege Extreme and Outrageous Conduct

Nor does the complained-of conduct in Plaintiff's Complaint rise to the requisite level of "extreme and outrageous" to state an IIED claim. To satisfy this second element, Plaintiff must identify conduct by Starbucks that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Buckley,* 111 N.J. at 366. As the Third Circuit has explained, "[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988), *cert. denied*, 498 U.S. 811 (1990); *see also Witherspoon v. Rent-A-Car-Center, Inc.*, 173 F. Supp. 2d 239, 242 (D.N.J. 2001) ("it is particularly difficult to establish intentional infliction of emotional distress in the employment context.").

Here, the alleged acts of discrimination and harassment, which generally consist of (1) Plaintiff allegedly being accused of intentionally sending back a package of Black Lives Matter ("BLM") shirts; (2) an alleged comment by an Assistant Store Manager that Plaintiff was not offered a BLM shirts because employees "believe that she is racist and does not support BLM"; (3) duties and tasks allegedly taken away from Plaintiff and re-assigned to a younger, Hispanic male employee; (4) alleged improper disclosure of Plaintiff's Covid-positive diagnosis by a store Partner; (5) Plaintiff feeling that she was being "attacked" by multiple employees who were "out to get her fired," are not so "extreme and outrageous" to be utterly intolerable in a civilized

community. (Compl. ¶¶ 40; 45; 47; 48 and 50) [D.E. 1]. At best, such acts amount to "unjust, unfair and unkind conduct," which do not support an IIED claim against Starbucks. *See Fregara v. Jet Aviation Bus. Jets*, 764 F. Supp. 940, 956 (D.N.J. 1991); *Marrero v. Camden Cty. Bd. of Social Servs.*, 164 F. Supp. 2d 455, 480 (D.N.J. 2001) (granting motion to dismiss after finding inappropriate comments did not support a cognizable claim for IIED); *Paredes v. United Airlines, Inc.*, 2023 WL 1779551 at *7 (D.N.J., Feb. 6, 2023) (granting motion to dismiss IIED claim after finding no facts to support the claim).

### 4. Plaintiff Fails to Allege Starbucks' Actions Caused Her Severe Emotional Distress

Last, Plaintiff's Complaint fails to demonstrate she suffered severe emotional distress. Plaintiff's conclusory allegation that she suffered emotional and mental distress as a result of Starbucks' actions is insufficient to defeat dismissal. *See Paredes, supra* at *7 (dismissing IIED claim on motion to dismiss where Complaint merely alluded to "labels and conclusions"). Instead, Plaintiff's Complaint must identify 'the nature of [the plaintiff's] alleged emotional distress,' which 'has been considered sufficiently severe where it interferes with day-to-day activities or requires psychiatric counseling,'" facts which Plaintiff's Complaint does not allege. *Wierzbicki*, 2021 WL 4148105, at *10 (dismissing IIED claim on motion to dismiss on the pleadings); *see also Botts v. N.Y. Times Co.*, 2003 WL 23162315, at *9 (D.N.J. Aug. 29, 2003) ("New Jersey law . . . requires plaintiffs to assert that they sought treatment for their alleged distress."). Plaintiff's claim that she felt "defamed", "ostracized" and "attacked" as a result of the alleged conduct is insufficient to support her IIED claim. *See Wierzbicki*, 2021 WL 4148105, at *10 (explaining "aggravation, embarrassment, an unspecified number of headaches, and the loss of sleep are insufficient" to support a claim for IIED). Although Plaintiff alleges that she was discriminated and retaliated against when her employment was terminated, "an ulterior motive for discharging an employee,

9

such as a personal dislike, does not by itself provide a sufficient foundation for finding the level of outrageousness required to support this cause of action. *Conte*, 2022 WL 4596727 at *5 (citing *Griffin v. Topps Appliance City, Inc.*, 337 N.J. Super. 15, 24 (App. Div. 2001). For these reasons, Plaintiff's IIED claim should be dismissed for failure to state a claim.

## POINT THREE

## PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM (COUNT TEN) FAILS TO STATE A CLAIM FOR RELIEF AND SHOULD BE DISMISSED

### A. Plaintiff Failed to Timely File Her NIED Claim Within the Applicable Two-Year Statute of Limitations

The statute of limitations for NIED claims is also two years. *Glam*, 2007 WL 2442343 at *4 (D.N.J. August 22, 2007) (citing *N.J.S.A.* 2A:14-2.). Plaintiff filed this lawsuit on August 18, 2023, two and a half years after her termination of employment from Starbucks, and *six months after* the expiration of the two-year statute of limitations. Thus, Plaintiff's NIED claim is untimely and subject to dismissal as a matter of law.

### B. Plaintiff's Complaint is Devoid of Facts Sufficient to Maintain An NIED Claim

Plaintiff's NIED claim is premised on Starbucks' alleged breach of duty owed to Plaintiff, which allegedly caused her to suffer "severe" or "genuine and substantial" emotional distress. (Compl. at ¶¶147-149) [D.E. 1]. Plaintiff alleges that by committing the alleged acts of discrimination and harassment described in the Complaint, Starbucks breached its' duty to Plaintiff. (*Id.* at ¶147).

#### 1.    Plaintiff's NJLAD Claims Preempt Her NIED Common Law Claim

Plaintiff's NIED claim is based on the "acts of discrimination and harassment" asserted in her Complaint, including those facts which underlie her claims under the NJLAD which Plaintiff incorporates by reference in the NIED count of her Complaint. (Compl. ¶139) [D.E. 1]. Because

Plaintiff's common law claim is based on the same allegations that support her NJLAD claims, Plaintiff's common law claim is duplicative of her NJLAD claim and must be dismissed. *Everson v. JPMorgan Chase Bank*, 2013 WL 1934666 at *2 (2013).

      **2.   Plaintiff Has Not Pled Sufficient Facts to Maintain an Action for NIED**

In New Jersey, a plaintiff may maintain an action for negligent infliction of emotional distress under two scenarios. First, "[a] plaintiff can demonstrate that the defendant's negligent conduct placed the plaintiff in reasonable fear of immediate personal injury, which gave rise to emotional distress that resulted in a substantial bodily injury or sickness." *Jablonowska v. Suther*, 195 N.J. 91, 104 (2008).  A plaintiff can also maintain an action for negligent infliction of emotional distress by satisfying the four elements set forth in *Portee v. Jafee*, 84 N.J. 88, 101 (1980): "(1) the defendant's negligence caused the death of, or serious physical injury, to another (2) the plaintiff shared a marital or intimate, familial relationship with the injured person; (3) the plaintiff had a sensory and contemporaneous observation of the death or injury at the scene of the accident; and (4) the plaintiff suffered severe emotional distress." *Jablonowska*, 195 N.J. at 103 (citing *Portee*, 84 N.J. at 97, 101).

Plaintiff has not alleged any facts suggesting that Starbucks was negligent.  Additionally, Plaintiff has not pled any facts showing that she was placed "in reasonable fear of immediate personal injury." *Jablonowska*, 195 N.J. at 104.  Furthermore, Plaintiff has not alleged any facts that would satisfy the elements set forth in *Portee*.  Consequently, Plaintiff has failed to state a claim for NIED against Starbucks and this count should similarly be dismissed.

**POINT FOUR**

**PLAINTIFF'S CLAIM FOR NEGLIGENT RETENTION, SUPERVISION AND HIRING
(COUNT ELEVEN) FAILS TO STATE A CLAIM FOR RELIEF AND
SHOULD BE DISMISSED**

Lastly, Plaintiff asserts a common law claim for negligent retention, supervision and hiring. To succeed on a claim for negligent retention, supervision or hiring, a plaintiff must prove: (1) the employer knew or had reason to know of the particular unfitness, incompetence or dangerous attributes of an employee; (2) the employer could reasonably have foreseen that such qualities created a risk of harm to other persons; and (3) the employer's negligence in hiring, retaining, or supervising the employee permitted the employee's incompetence, unfitness, or dangerous characteristics to proximately cause injury to a third party. *DiCosala v. Kay*, 450 A.2d 508, 516 (N.J. 1982); *see also Hayward v. Salem City Bd. of Educ.*, 2016 WL 4744132, at \*11 (D.N.J. Sept. 12, 2016); *Gargano v. Wyndam Skyline Tower Resorts*, 907 F. Supp. 2d 628, 633 (D.N.J. 2012).

Here, Plaintiff's negligent retention, supervision and hiring claim is deficient on many levels. First, the Complaint fails to allege with the requisite level of specificity who Plaintiff believes Starbucks "negligently hired" who were "unfit and incompetent." Further, the Complaint alleges no facts to support a claim that Starbucks knew or should have known that the unspecified employees were unfit or dangerous. For example, there are no allegations that the unspecified employees had a history or reputation of inappropriate conduct prior to the alleged discrimination and harassment that Plaintiff alleges in her Complaint. There are simply no facts alleged in the Complaint which, if true, establish that the Starbucks knew or should have known that the unspecified employees were unfit or dangerous, or that the Starbucks could have reasonably foreseen that these employees would allegedly discriminate against or harass Plaintiff. Accordingly, Plaintiffs' claims of negligent hiring, retention, and supervision should be dismissed.

**POINT FIVE**

**PLAINTIFF'S CLAIM FOR VIOLATION OF §1981 (COUNT TWO) FAILS TO STATE A CLAIM FOR RELIEF AND SHOULD BE DISMISSED**

Plaintiff also purports to assert a claim for reverse race discrimination in violation of §1981 against Starbucks. However, her allegations are wholly insufficient to maintain a §1981 claim.

To state a claim under § 1981, a party must allege facts sufficient to show: "(1) the plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute ..." *Sharifi v. Twp. of E. Windsor*, 2023 WL 2182003, at *5 (D.N.J. Feb. 23, 2023) (citing *Gross v. R.T. Reynolds, Inc.*, 487 F. App'x 711, 716 (3d Cir. 2012)). More recently, the Supreme Court clarified that the plaintiff also must plead that "but for race, [she] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African-Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

As an initial matter, although Plaintiff labeled Count Two as a claim for "Race Discrimination in Violation of 42 U.S.C. § 1981", none of the supporting allegations reference §1981. Instead, the allegations refer back to her Title VII claim against Starbucks. Nevertheless, even if Plaintiff's has asserted a §1981 claim, she has not adequately alleged that "but for race, [she] would not have suffered the loss of a legally protected right", and therefore her claim fails as a matter of law. *Wright-Phillips v. United Airlines, Inc.*, 2021 WL 1221111, at *8 (D.N.J. Apr. 1, 2021) (citing *Comcast Corp. v. Nat'l Ass'n of African-Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). In addition, the allegations as pled in Plaintiff's complaint, even if true, do not rise to the level sufficient to plead a claim for race discrimination in violation of §1981.

## CONCLUSION

For all the foregoing reasons, Defendant Starbucks Corporation respectfully requests that the Court dismiss Counts Three, Five, Seven, Nine, Ten and Eleven of Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6).

Respectfully submitted,

By:    *s/Carmen J. DiMaria*
            Carmen J. DiMaria, Esq.
            Jocelyn A. Merced, Esq.

Dated: December 8, 2023