**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIELLE LANGAN,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY,<br><br>Defendant. | Case No.: 3:23-cv-05056-ZNQ-DEA<br><br>*Civil Action*<br><br>**RETURN DATE: MARCH 4, 2024** |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6)**

**On the brief:**

Carmen J. DiMaria, Esq.
Jocelyn A. Merced, Esq.
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Attorneys for Defendant
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..... 1

LEGAL ARGUMENT ..... 2

POINT ONE ..... 2

PLAINTIFF'S NJLAD CLAIMS (COUNTS THREE, FIVE AND SEVEN) ARE UNTIMELY AND THERE IS NO BASIS TO EQUITABLY TOLL THE STATUTE OF LIMITATIONS ..... 2

A. Plaintiff's Cannot Invoke the Continuing Violation Doctrine To Discrete Acts of Alleged Discrimination ..... 2

B. Equitable Tolling Is Inappropriate. ..... 4

POINT TWO ..... 5

PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT NINE) SHOULD BE DISMISSED ..... 5

A. Plaintiff' IIED Claim is Untimely and Equitable Tolling Does Not Apply. ..... 5

B. The NJLAD Claims Preempts Plaintiff's IIED Common Law Claim and Exclusivity Does Not Apply. ..... 6

C. Even if Not Preempted by the NJLAD, Plaintiff Fails to Allege Sufficiently Outrageous or Extreme Conduct During the Course of Her Employment. ..... 6

POINT THREE ..... 7

PLAINTIFF'S CLAIM FOR NEGLIGENT RETENTION, SUPERVISION AND HIRING (COUNT ELEVEN) FAILS TO STATE A CLAIM FOR RELIEF AND SHOULD BE DISMISSED ..... 7

POINT FOUR ..... 8

PLAINTIFF'S CLAIM FOR VIOLATION OF §1981 (COUNT TWO) FAILS TO STATE A CLAIM FOR RELIEF AND SHOULD BE DISMISSED ..... 8

CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anyawu v. BJ's Wholesale Club, Inc.*
2009 WL 2496537 (D.N.J. 2009) ....................................3

*Berry v. Bd. of Supervisors of Louisiana State Univ.*,
715 F.2d 971(5th Cir. 1982) ....................................2

*Bishop v. Okidata, Inc.*,
864 F.Supp. 416 (D.N.J. 1994) ....................................6, 7

*Blair v. Scott Specialty Gases*,
283 F.3d 595 (3d Cir. 2002)....................................7

*Caggiano v. Fontoura*,
354 N.J. Super. 111 (App. Div. 2002) ....................................3

*Cowell v. Palmer Township*,
263 F.3d 286 (3d Cir. 2001)....................................4

*Cox v. Keystone Carbon Co.*,
861 F.2d 390 (3d Cir. 1988)....................................6

*Cox v. Scholastic Book Fairs*,
2006 WL 1228615 (D.N.J. May 5, 2006) ....................................5

*Kates v. Bridgeton Police Dep't*,
2011 WL 6720497 (D.N.J. Dec. 21, 2011) ....................................4

*Maldonado v. Ramirez*,
757 F.2d 48 (3d Cir. 1985)....................................7

*Mandel v. M&Q Packaging Corp.*,
706 F.3d 157 (3d Cir. 2013)....................................2

*Marrero v. Camden Cty. Bd. of Social Servs.*,
164 F. Supp. 2d 455 (D.N.J. 2001) ....................................6

*Metzler v. American Transp. Group, LLC*,
2008 WL 413311 (D.N.J. Feb. 13, 2008) ....................................6

*Montells v. Haynes*,
133 N.J. 282 (1993) ....................................2

*O'Connor v. City of Newark*,
440 F.3d 125 (3d Cir. 2006)....................3

*Paredes v. United Airlines, Inc.*,
2023 WL 1779551 (D.N.J., Feb. 6, 2023) ....................7

*Phillips v. Starbucks Corp.*
624 F. Supp. 3d 530, 541 (D.N.J. 2022) ....................8

*Shepherd v. Hunterdon Developmental Ctr.*,
174 N.J. 1 (2002) ....................2, 3

*Smith v. Township of Warren*,
2016 WL 7409952 (D.N.J. December 22, 2016)....................2

*Wilson v. Wal-Mart Stores*,
158 N.J. 263 (1999) ....................2

**Statutes**

N.J.S.A. 10:5-13....................4

Pennsylvania Workers' Compensation Act ....................6

**Rules**

Fed. R. Civ. Pro. 12(b)(6) ....................9

## PRELIMINARY STATEMENT

In an effort to excuse her failure to timely file her Complaint in District Court, Plaintiff Danielle Langan ("Plaintiff") erroneously attempts to extend the end date of the two year of statute of limitations for her New Jersey Law Against Discrimination ("NJLAD") and Retaliation Claims by an additional *ten months* through the date of the appeal on her unemployment insurance benefit claim. Plaintiff also attempts to shift the blame for lack of diligence on the New Jersey Division on Civil Rights ("NJDCR") by claiming that the NJDCR did not expeditiously investigate her claims. Both of Plaintiff's arguments fail. Put simply, even if Plaintiff's self-serving allegations of her efforts to contact the NJDCR regarding the status of the investigation in to her Charge of Discrimination are accepted as true, she fails as a matter of law to demonstrate that she was prevented in some extraordinary way from withdrawing her Charge of Discrimination to pursue her claims in federal court. For this reason alone, Plaintiff's NJLAD claims must be dismissed with prejudice.

As to the remaining claims at issue in Defendant's Motion to Dismiss, Plaintiff's common law intentional infliction of emotional distress claim is preempted by the NJLAD, untimely, and there is no basis to equitably toll the statute of limitations. Plaintiff's negligent retention, supervision and hiring and §1981 claim must also be dismissed for failure to plead sufficient facts to support these causes of action. Lastly, since Plaintiff does not oppose the dismissal of his negligent infliction of emotional distress claim, the Court should dismiss this claim without further discussion.

# LEGAL ARGUMENT

## POINT ONE

## PLAINTIFF'S NJLAD CLAIMS (COUNTS THREE, FIVE[1] AND SEVEN) ARE UNTIMELY AND THERE IS NO BASIS TO EQUITABLY TOLL THE STATUTE OF LIMITATIONS

### A. Plaintiff's Cannot Invoke the Continuing Violation Doctrine To Discrete Acts of Alleged Discrimination

Plaintiff cannot dispute that claims under the NJLAD are subject to a two-year statute of limitations. *Montells v. Haynes,* 133 N.J. 282 (1993); *Wilson v. Wal-Mart Stores*, 158 N.J. 263, 265-266 (1999). Rather, in her opposition, Plaintiff attempts to invoke the continuing violation doctrine. According to Plaintiff, the two year statute of limitations did not expire on February 5, 2023 (*i.e.* two years from the date of her termination of employment from Starbucks on February 4, 2021) because the "latest discriminatory act" allegedly took place on November 2, 2021 when Defendant appealed the New Jersey Department of Labor's ("DOL") determination on Plaintiff's eligibility for unemployment insurance benefits. (Pl. Opp. Br. at ¶¶ 8; 18) [D.E. 17].

To determine whether separate acts constitute one continuing violation, New Jersey follows the Third Circuit's lead in adopting the test laid out in *Berry v. Bd. of Supervisors of Louisiana State Univ.*, 715 F.2d 971(5th Cir. 1982), as modified by *Mandel v. M&Q Packaging Corp.,* 706 F.3d 157, 166 (3d Cir. 2013). Under *Mandel*, courts should consider at least two factors (1) Subject matter: whether all of the alleged acts involve the same type of discrimination and (2) Frequency: whether the alleged acts are either recurring or discrete acts – the alleged acts must be substantially similar in nature. *Smith v. Township of Warren,* 2016 WL 7409952, FN10 (D.N.J. December 22, 2016). If the alleged action is a discrete act, the claim accrues on the day on which the discrete act occurred. *Shepherd v. Hunterdon Developmental Ctr.*, 174 N.J. 1, 27 (2002). The

[1] Plaintiff's Complaint improperly labels the Fifth Count as "Count Nine."

continuing violation doctrine, however, cannot be used to bring discrete acts of discrimination within the statutory filing period. *Anyawu v. BJ's Wholesale Club, Inc.* 2009 WL 2496537 at *3 (D.N.J. 2009), *citing Brennan v. State,* 2009 WL 2192429 at *5 (App. Div. 2009).

Here, in an effort to evade the February 5, 2023 statute of limitations and time-bar date for her NJLAD claims, Plaintiff attempts to connect her termination with Starbucks' subsequent challenge of the NJDOL's unemployment benefits determination to establish a continuing violation. It is well settled that an employment termination is a discrete act of alleged discrimination. *Caggiano v. Fontoura,* 354 N.J. Super. 111, 128 (App. Div. 2002). Neither New Jersey state courts nor the Third Circuit, permit a plaintiff to aggregate discrete acts of discrimination to establish a continuing violation. *O'Connor v. City of Newark,* 440 F.3d 125, 127 (3d Cir. 2006); *Shepherd v. Hunterdon Developmental Ctr.*, 174 N.J. 1, 19 (2002).

Starbucks' appeal of Plaintiff's claim for unemployment insurance benefits is completely irrelevant. The *Anyawu v. BJ's Wholesale Club, Inc.,* 2009 WL 2496537 at *5 (D.N.J. Aug. 10, 2009) case is right on point. There, the District Court expressly rejected Plaintiff's attempt to invoke the continuing violation theory and dismissed Plaintiff's claims under the NJLAD as time barred by the two year statute of limitations because (1) the denial of Plaintiff's claim for unemployment benefits did not involve the same type of discrimination and (2) the plaintiff knew of the alleged discriminatory conduct when his employer terminated his employment. The District Court further noted that if the plaintiff's argument were accepted, "the LAD statute of limitations would renew every time plaintiff experienced the negative side effects of losing his employment." *Id.*

Here, Starbucks' decision to appeal of the NJDOL's determination on Plaintiff's unemployment claim is wholly unrelated to her claims of reverse race discrimination and

insufficient to establish a recurring pattern of behavior by Starbucks. And, Plaintiff was undoubtedly on notice of Starbucks alleged discriminatory conduct on the date of her termination of employment, thereby triggering the statutory filing period. Indeed, Plaintiff filed a Charge of Discrimination with the NJDCR asserting violations of the NJLAD just *five months after* her termination of employment. Furthermore, Plaintiff has not suffered any "negative" side effect from Starbucks appeal of the unemployment eligibility determination. Indeed, as Plaintiff herself notes, she was awarded unemployment benefits. (Pl. Opp. Br. at ¶26) [D.E. 17]. To allow Plaintiff to proceed with her untimely claims now would be unfair to Starbucks and contrary to the public policy rationale for the statute of limitations. *Cowell v. Palmer Township,* 263 F.3d 286, 295 (3d Cir. 2001).

**B. Equitable Tolling Is Inappropriate.**

Under New Jersey law, equitable tolling of a statute of limitations is appropriate where: (1) the complainant has been induced or tricked by an adversary's misconduct into allowing the filing deadline to pass; (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. *Kates v. Bridgeton Police Dep't,* 2011 WL 6720497, at *9-10 (D.N.J. Dec. 21, 2011).

As discussed in Defendant's Moving Brief, the NJLAD does not require exhaustion of administrative remedies, but instead, permits the plaintiff to select her preferred forum, either in court or before the NJDCR. N.J.S.A. 10:5-13. ("Any complainant may initiate suit in Superior Court under this act without first filing a complaint with the division or any municipal office.") Plaintiff has not alleged any facts that would warrant equitable tolling of the two- year statute of limitations. Instead, Plaintiff submits an improper declaration describing her purported efforts to communicate with the NJDCR regarding the status of her charge. The Court should ignore

Plaintiff's self-serving affidavit and reject Plaintiff's attempt to blame the NJDCR for her inexcusable delay in pursing her NJLAD in District Court. If Plaintiff was dissatisfied with how long it was taking the NJDCR to investigate her claims, she had the right at any time prior to the issuance of a finding of no probable cause, to withdraw her NJDCR complaint and file her claim in Court, so long as she was within the two-year statute of limitations. *Cox v. Scholastic Book Fairs*, 2006 WL 1228615 at *3 (D.N.J. May 5, 2006) (citing *Hernandez v. Region Nine Hous. Corp.,* 146 N.J. 645, 652 (1996)). Plaintiff's Complaint does not allege, nor is there any evidence, that she ever withdrew her charge of discrimination from the NJDCR. Instead, Plaintiff waited until August 18, 2023 (*six months after* the expiration of the statute of limitations) to file a lawsuit asserting the same NJLAD claims set forth in her NJDCR charge. Plaintiff was not prevented in some extraordinary way from asserting his or her rights in this case warranting application of equitable tolling. Plaintiff's NJLAD claims are untimely, legally barred, and subject to immediate dismissal with prejudice.

## POINT TWO

## PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT NINE) SHOULD BE DISMISSED

### A. Plaintiff' IIED Claim is Untimely and Equitable Tolling Does Not Apply.

Plaintiff does not dispute that the statute of limitations for her IIED claim is two years. Instead, she argues that (1) the two year statute of limitations on her IIED claim did not start accruing until November 2, 2021, following the outcome of the Starbucks appeal to her claim for unemployment benefits, and (2) the NJDCR's "bureaucratic delays" otherwise warrant equitable tolling of the statute of limitations. (Pl's Opp. Br. at ¶16; ¶49) [D.E. 17]. For the same reasons set forth in Points I.A and B *supra*, both of these arguments should be rejected and Plaintiff's IIED claim should also be dismissed as untimely.

**B. The NJLAD Claims Preempts Plaintiff's IIED Common Law Claim and Exclusivity Does Not Apply.**

Plaintiff argues that her IIED claims are "exempt" from preemption by the NJLAD. However, none of the Third Circuit cases cited by Plaintiff support this proposition because none of these cases involve claims arising under the NJLAD. Instead, each case involves an interpretation of Pennsylvania law to IIED claims or the applicability of the exclusive remedy provision of the Pennsylvania Workers' Compensation Act to common law IIED claims, neither of which are at issue in this case. Since Plaintiff's common law IIED claim is based on the same allegations supporting her NJLAD claim, it is therefore preempted by the NJLAD. *See Metzler v. American Transp. Group, LLC,* 2008 WL 413311, at *4 (D.N.J. Feb. 13, 2008)(holding that because Plaintiff's claims of emotional distress were based on the same operative facts as her claims under the LAD, her claims were preempted by the LAD).

**C. Even if Not Preempted by the NJLAD, Plaintiff Fails to Allege Sufficiently Outrageous or Extreme Conduct During the Course of Her Employment.**

"[I]t is extremely rare to find conduct in the employment context which will rise to the level of outrageousness necessary to provide a basis for recovery" for a tort of IIED. *Cox v. Keystone Carbon Co.,* 861 F.2d 390, 395 (3d Cir. 1988); *Bishop v. Okidata, Inc.,* 864 F.Supp. 416, 427 (D.N.J. 1994). Plaintiff's allegations that she was "falsely accused of racism", that tasks were re-assigned to a younger, Hispanic male, that a store partner shared her Covid-positive diagnosis and that she felt employees were "out to get her fired" does not rise to the requisite level of "extreme and outrageous" to state an IIED claim. (Compl. ¶¶ 40; 45; 47; 48 and 50) [D.E. 1]. At best, these allegations amount to "unjust, unfair and unkind conduct," which are insufficient to maintain an IIED claim against Starbucks. *See Marrero v. Camden Cty. Bd. of Social Servs.*, 164 F. Supp. 2d 455, 480 (D.N.J. 2001) (granting motion to dismiss after finding inappropriate

comments did not support a cognizable claim for IIED); *see also Paredes v. United Airlines, Inc.*, 2023 WL 1779551 at *7 (D.N.J., Feb. 6, 2023) (granting motion to dismiss IIED claim after finding no facts to support the claim); *compare with Bishop,* 864 F.Supp. at 419-420 (denying motion to dismiss IIED claim where plaintiff alleged extreme and outrageous conduct, *i.e.*, supervisors forced her to return to work four weeks post-cancer surgery, refused to allow her time for chemotherapy, excluded her from corporate opportunities and made negative commence about her cancer at performance evaluations over a period of several years).

Furthermore, Plaintiff cannot be permitted to manipulate the motion to dismiss process by submitting extrinsic evidence of her mental and emotional state to bolster her ailing IIED claim. Just as "[s]elf-serving affidavits are insufficient to withstand a motion for summary judgment," *Blair v. Scott Specialty Gases,* 283 F.3d 595, 608 (3d Cir. 2002), they are equally insufficient to support a motion to dismiss. *See Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985) ("An affidavit that is 'essentially conclusory' and lacking in specific facts is inadequate to satisfy the movant's burden."). Plaintiff's attempt to shore up her IIED claim through her self-serving Declaration submitted in opposition to Defendant's motion to dismiss is wholly improper and should be disregarded by the Court.

## POINT THREE

## PLAINTIFF'S CLAIM FOR NEGLIGENT RETENTION, SUPERVISION AND HIRING (COUNT ELEVEN) FAILS TO STATE A CLAIM FOR RELIEF AND SHOULD BE DISMISSED

Plaintiff alleges that Starbucks' decision to have District Manager, Vaughn Clement participate as its' witness at Plaintiff's unemployment insurance claim hearing amounts to evidence that Starbucks had "reason to know of their employee's unfitness" sufficient to maintain a claim for negligent retention, supervision, or hiring. (Pl.'s Opp. ¶93). However, Plaintiff's opinions as to Mr. Clement's preparedness as an employer witness at an unemployment insurance

hearing which occurred *months after* her termination of employment is wholly insufficient evidence of "negligent hiring" and certainly not evidence that Mr. Clement was "unfit or incompetent" in his capacity as District Manager. The Complaint is devoid of any facts reflecting that Mr. Clement (or any other unidentified employee) had a history or reputation of inappropriate conduct prior to the alleged discrimination and harassment, that Starbucks knew or should have known that Mr. Clement (or any other unidentified employee) was unfit or dangerous, or that Starbucks could have reasonably foreseen that Mr. Clement (or any other unidentified employee) would allegedly discriminate against or harass Plaintiff. Accordingly, Plaintiffs' claims of negligent hiring, retention, and supervision should be dismissed.

## POINT FOUR

## PLAINTIFF'S CLAIM FOR VIOLATION OF §1981 (COUNT TWO) FAILS TO STATE A CLAIM FOR RELIEF AND SHOULD BE DISMISSED

Lastly, as to Plaintiff's purported claim for reverse race discrimination, plaintiff's allegations are insufficient at the motion to dismiss stage as she has not sufficiently pled that the alleged adverse employment action gave rise to an inference of discrimination. A Plaintiff may show circumstances giving rise to an inference of discrimination through comparator evidence that Defendant treated "similarly situated" individuals not within her protected class more favorably than it treated Plaintiff. *Phillips v. Starbucks Corp.* 624 F. Supp. 3d 530, 541 (D.N.J. 2022). In her Complaint, Plaintiff identifies three non-Caucasian employees who were allegedly treated "more favorably" than she. However, none of these individuals are "similarly situated" to Plaintiff because the alleged conduct of the non-Caucasian employees does not involve investigation into any concerns of alleged racism. [Comp. ¶¶73-75, D.E. 1]. Accordingly, Plaintiff's allegations, even if true, are insufficient to maintain such a claim in violation of §1981.

**CONCLUSION**

For all the foregoing reasons, Defendant Starbucks Corporation respectfully requests that the Court dismiss Counts Three, Five, Seven, Nine, Ten and Eleven of Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6).

Respectfully submitted,

By: *s/Carmen J. DiMaria*
Carmen J. DiMaria, Esq.
Jocelyn A. Merced, Esq.

Dated: February 23, 2024